UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANDREW SACCONE,  
                Plaintiff,

v.

CARL E. DUBOIS, in his individual capacity
and in his official capacity as Sheriff of Orange
County; JOHN DOES Nos. 1–10, in their
individual capacity and official capacities as
deputy sheriffs or correctional officers; and
ORANGE COUNTY, NEW YORK,
                Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 1312 (VB)

Briccetti, J.:

       Plaintiff Andrew Saccone brings this action under 42 U.S.C. § 1983 and New York state law, alleging defendants Sheriff Carl E. DuBois ("Sheriff DuBois"), Orange County (the "County"), and John Does Nos. 1–10 provided him constitutionally inadequate medical care during his confinement at the Orange County Jail ("OCJ").[1]

       Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #7).

       For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The action was initially commenced in Supreme Court, Orange County, and later removed to this Court.

# BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

Beginning on July 29, 2016, plaintiff was confined at OCJ. The same day, plaintiff, who suffers from Wolff-Parkinson-White syndrome,[2] lost consciousness due to his illness. Defendants—plaintiff does not specify which—assumed plaintiff was ill because of a drug overdose, even though they knew about his illness. Defendants restrained plaintiff with ankle bracelets, which were too tight, resulting in scarring and nerve damage to plaintiff's feet and ankles, as well as numbness. Defendants also used the ankle bracelets to tie plaintiff's feet to his bedding.

On July 29, 2016, defendants transferred plaintiff to Orange Regional Medical Center ("ORMC"), but retained custody over and stationed at least one guard with him. While at ORMC, plaintiff "came in and out of consciousness due to his illness and was comatose for long periods of time." (Am. Compl. ("AC") ¶ 22).

While at ORMC, defendants again restrained plaintiff with ankle bracelets that were too tight, and tied the ankle bracelets to plaintiff's bedding.

Thereafter, plaintiff "began to come [out of] his comatose state but remained sub-conscious or delirious and was not in proper control of his body." (AC ¶ 26).

Plaintiff fell from his bed "because of the carelessly placed bracelets." (AC ¶ 27). Plaintiff struck his head, causing bleeding, scarring, headaches, nightmares, and forgetfulness.

---

[2] Both parties incorrectly refer to this condition as "Wolf Parkinsons White" syndrome.

**DISCUSSION**

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiffs' legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.  Deliberate Indifference

Defendants argue plaintiff fails to state a deliberate indifference claim against any defendant.

The Court disagrees.

It is not clear whether plaintiff was a pretrial detainee or a post-conviction detainee during his confinement at OCJ.[3] Because defendants recite the Fourteenth Amendment standard applicable to deliberate indifference claims brought by pretrial detainees, the Court assumes for purposes of this motion that plaintiff was a pretrial detainee during the relevant time period.

Deliberate indifference claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment, because "[p]retrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually nor otherwise.'" Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (quoting Iqbal v. Hasty, 490 F.3d 143, 168 (2d Cir. 2007) (alterations in original), rev'd on other grounds sub nom. Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

To state a claim for deliberate indifference, plaintiff's allegations must satisfy a two-prong test. First, plaintiff must plausibly allege "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." Darnell v. Pineiro, 849 F.3d at 29. Second, plaintiff must satisfy a "mens rea prong" by plausibly alleging the defendants acted with "at least deliberate indifference to the challenged conditions." Id.

A plaintiff can satisfy the first prong by showing "the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." Darnell v. Pineiro, 849 F.3d at 30 (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. (quoting

---

[3] The amended complaint references the Eighth Amendment, which applies only to convicted defendants, as well as the Fourteenth Amendment. (AC ¶¶ 1, 5, 37). However, the amended complaint also alleges that the charges upon which plaintiff's confinement was based were "ultimately dismissed." (Id. ¶ 10).

Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).  "[P]risoners may not be deprived of their basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—and they may not be exposed to conditions that pose an unreasonable risk of serious damage to their future health."  Id. (internal quotation omitted).

The first prong of a claim for deliberate indifference to medical needs has two subparts.  "The first inquiry is whether the prisoner was actually deprived of adequate medical care," keeping in mind that only "reasonable care" is required.  Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 844–47 (1970)).  "Second, the objective test asks whether the inadequacy in medical care is sufficiently serious" by examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."  Id. at 280 (citing Helling v. McKinney, 509 U.S. 25, 32–33 (1993)).

When analyzing claims brought by pretrial detainees, the second prong "of a deliberate indifference claim is defined objectively."  Darnell v. Pineiro, 849 F.3d at 35.  To satisfy the second prong, a "pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk . . . even though the defendant-official knew, or should have known," of the risk of harm.  Id.  Thus, unlike the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment "can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm."  Id.

Plaintiff has failed to satisfy the objective prong of a claim for deliberate indifference to his medical needs, as he does not allege any deprivation of medical treatment.

Nevertheless, plaintiff has satisfied the objective prong of a conditions of confinement claim.  There is "no significant distinction between claims alleging inadequate medical care and

those alleging inadequate conditions of confinement . . . . Whether one characterizes the treatment received by [the prisoner] as inhumane conditions of confinement, failure to attend to his medical needs, or a combination of both, it is appropriate to apply the deliberate indifference standard." Walker v. Schriro, 2013 WL 1234930, at *11 (S.D.N.Y. Mar. 26, 2013) (quoting Wilson v. Seiter, 501 U.S. 294, 303 (1991)).

Plaintiff alleges defendants twice restrained him with ankle bracelets when he lost consciousness and tied those ankle bracelets to bedding, and that the restraints, in combination with plaintiff's suffering from Wolff-Parkinson-White syndrome, posed a risk of serious damage to plaintiff's safety and health from falling from the bed. Plaintiff's allegations are sufficient to satisfy the objective prong.

Plaintiff has also satisfied the subjective prong. Plaintiff alleges defendants knew he suffered from Wolff-Parkinson-White syndrome, yet when plaintiff lost consciousness, they secured him with ankle bracelets and tied the bracelets to bedding.

Defendants argue plaintiff has not shown he actually fell from the bed while in the hospital. At this early stage in the proceedings, plaintiff is not required to prove the truth of his allegations, but merely plead claims that are facially plausible. See Ashcroft v. Iqbal, 556 U.S. at 678.

Defendants also argue the implementation of safety measures to prevent falls in a hospital setting is the responsibility of the hospital staff, and not the correction officers assigned to guard the inmate receiving hospital care. The Court is not persuaded. This issue is similarly inappropriate for resolution on a motion to dismiss, as it calls for the Court's determination of a factual issue.

Accordingly, dismissal of plaintiff's deliberate indifference claim is inappropriate at this time.

III. Sheriff DuBois

Defendants argue plaintiff's deliberate indifference claim against Sheriff DuBois fails because plaintiff fails to allege Sheriff DuBois's personal involvement.

The Court agrees.

"[I]n order to establish a defendant's individual liability in a suit brought under [Section] 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). A plaintiff may satisfy the personal involvement requirement by alleging one of the following: (i) "the defendant participated directly in the alleged constitutional violation"; (ii) "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong"; (iii) "the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom"; (iv) "the defendant was grossly negligent in supervising subordinates who committed the wrongful acts"; or (v) "the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." Id. at 139 (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (emphases omitted)). After Ashcroft v. Iqbal, however, district courts within this circuit are divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these factors remain viable. See Marom v. City of New York, 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016). The Second Circuit has yet to resolve this dispute. Id.

Moreover, because Section 1983 liability cannot be predicated on a theory of respondeat superior, see City of Canton v. Harris, 489 U.S. 378, 385 (1989), "[t]he bare fact that [a defendant] occupies a high position in the . . . prison hierarchy is insufficient to sustain [a] claim." Colon v. Coughlin, 58 F.3d at 874.

Plaintiff's conclusory allegation that Sheriff DuBois was "aware of and acquiesced in, the unconstitutional restrictions and conditions of Plaintiff's confinement" is insufficient to suggest Sheriff DuBois's personal involvement under any of the factors in Colon v. Coughlin, 58 F.3d 865.

Plaintiff asserts that Section 508 of the New York Correction Law required a written order from Sheriff DuBois in order to transfer plaintiff to a hospital, and therefore Sheriff DuBois was personally involved. However, even if Sheriff DuBois's written order was required to transfer plaintiff to ORMC, that only means Sheriff DuBois was aware plaintiff would be transferred to the hospital, not that he was aware of the actions of the officers once plaintiff was transferred. Indeed, there is no indication Sheriff DuBois was aware of or involved in defendants' actions giving rise to the claims in plaintiff's amended complaint, including defendants' tying plaintiff to bedding by ankle bracelets while he was unconscious.

Accordingly, plaintiff fails to state a deliberate indifference claim against Sheriff DuBois.

IV. Monell Liability

Defendants argue plaintiff fails to state a claim against the County under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

The Court agrees.

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

8

may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. Thus, to assert a Section 1983 claim against the County, plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)." Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. Sept. 13, 2013) (quoting Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)). "In other words, boilerplate allegations will not suffice." Id. at *3 (internal quotation omitted). "The allegations that [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." Missel v. Cty. of Monroe, 351 F.

9

App'x 543, 545–46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100–02 (2d Cir. 1993)).

Plaintiff has not alleged any facts to satisfy the policy or custom requirement. Moreover, to the extent plaintiff argues Sheriff DuBois was a policymaker, plaintiff has failed to allege any facts to support the inference that Sheriff DuBois failed to provide adequate training or supervision to subordinates.

Accordingly, plaintiff's claim against the County is dismissed.

V.  Negligence

Defendants argue plaintiff's negligence claims against Sheriff DuBois, the John Doe defendants, and the County should be dismissed.

The Court agrees.

A.  Sheriff DuBois and the John Doe Defendants

Plaintiff's negligence claims against Sheriff DuBois and the John Doe defendants are barred by a one-year statute of limitations.

N.Y. C.P.L.R. § 215(1) provides for a one-year statute of limitations for actions against a sheriff "upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty, except the non-payment of money collected upon an execution." "This provision applies to deputy sheriffs as well as sheriffs." Taylor v. Mayone, 626 F.2d 247, 251 n.5 (2d Cir. 1980).

"The central question to be addressed in deciding the applicability of CPLR 215(1) is whether the acts or omissions upon which the plaintiff[] seek[s] to impose liability upon [the defendant] were acts committed within the scope of his office, or omissions of duties enjoined upon him by his office." Jemison v. Crichlow, 139 A.D.2d 332, 338 (2d Dep't 1988), aff'd, 74

N.Y.2d 726 (1989). The duties of the sheriff are those "prescribed by law and directed by the board of supervisors or the county legislature." N.Y. County Law § 650(1). "[T]he Sheriff is prescribed, by law, to safely keep inmates of the County Jail." Adams v. County of Rensselaer, 66 N.Y.2d 725, 727 (1985) (citing N.Y. Correct. Law § 500-c).

Here, plaintiff alleges he was still in Sheriff DuBois's custody when he was at ORMC, and therefore it was Sheriff DuBois's duty to keep him safe. Thus, the one-year statute of limitations applies.

Further, plaintiff alleges the incidents giving rise to his suit occurred from on or about July 29, 2016, through in or about the first week of August 2016.[4] Plaintiff commenced this action on October 26, 2017, more than one year later. Accordingly, plaintiff's negligence claims against Sheriff DuBois and the John Doe defendants are time-barred.

Plaintiff argues N.Y. C.P.L.R. § 215(1) does not apply, and instead his negligence claim is timely under N.Y. C.P.L.R. § 214(5), which provides a three-year statute of limitations for actions to recover damages for personal injury. Plaintiff relies on Adams v. County of Rensselaer, which states: "The liability to which [N.Y. C.P.L.R. § 215(1)] applies is coextensive with the liability against which a Sheriff must be bonded." 66 N.Y.2d at 727 (internal citations omitted). Thus, plaintiff argues that in order for N.Y. C.P.L.R. § 215(1) to apply, defendants must offer proof that Sheriff DuBois is bonded against negligence liability, and defendants have failed to offer such proof.

Plaintiff's argument is meritless. Defendants are not required to offer proof that Sheriff DuBois is bonded against negligence liability. "The test under [Section] 215(1) focuses

---

[4] The allegations regarding what transpired in the first week of August 2016 are contained in a Notice of Claim attached to and referenced in the amended complaint. (Doc. #1–3).

principally on whether the sheriff believed in good faith that he was pursuing his official duties." Taylor v. Mayone, 626 F.2d at 254. The language in Adams v. County of Rensselaer merely refers to the intention of the New York legislature "to limit the period during which the sheriff's surety is vulnerable to a call for indemnification, by requiring that the suits against sheriffs for acts in their official capacity be brought quickly." Taylor v. Mayone, 626 F.2d at 252.

Accordingly, plaintiff's negligence claims against Sheriff DuBois and the John Doe defendants are dismissed.

    B.    The County

Defendants argue the County cannot be held liable for the negligent actions of Sheriff DuBois or his deputies absent an express assumption of liability. Plaintiff did not respond to defendants' argument. Thus, because plaintiff has failed to respond, and as "Orange County has not adopted a local law expressly assuming responsibility for the acts of the Sheriff and his deputies, it cannot be held liable for any alleged negligence by the Sheriff or his deputies in this case." Santiamagro v. County of Orange, 226 A.D.2d 359, 359–60 (2d Dep't 1996) (internal citations omitted).

VI.    Qualified Immunity

Defendants argue the John Doe defendants are entitled to qualified immunity.

The Court disagrees.

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

"The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established;' and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (quoting Taravella v. Town of Wolcott, 599 F.3d 129, 133–34 (2d Cir. 2010)). "[U]sually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted." Hyman v. Abrams, 630 F. App'x 40, 42 (2d Cir. 2015) (summary order).

Here, plaintiff has sufficiently alleged the John Doe defendants violated his Fourteenth Amendment rights, which were clearly established at the time, and it was not on its face reasonable for the John Doe defendants to believe they could lawfully violate those rights. Accordingly, dismissing plaintiff's claims at this stage of the case based on qualified immunity is inappropriate. This is an issue that may be reviewed at summary judgment after the completion of discovery.

VII. John Doe Defendants

The only remaining claims are plaintiff's deliberate indifference claims against the John Doe defendants.

Accordingly, by September 26, 2018, plaintiff shall update the Court in writing as to plaintiff's efforts to identify the John Doe defendants.

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

The Clerk is instructed to terminate the motion. (Doc. #7).

Dated: September 12, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge